final judgment of conviction (article 894, C. C. P.), and where on habeas corpus the relief sought is denied (article 952, C. C. P.; Ryan v. State, 198 S. W. 582, recently decided by this court). Other cases in point are Pegram v. State, 72 Tex. Cr. R. 176, 161 S. W. 458, and cases there cited, and Ex parte Degener, 30 Tex. Cr. App. 566, 17 S. W. 1111. From a judgment for contempt this court can give relief only on writ of habeas corpus when the relator is in custody.

For the reasons stated, the appeal is dismissed.

---

WHEAT v. STATE. (No. 4769.)

(Court of Criminal Appeals of Texas. Dec. 19, 1917.)

1. CRIMINAL LAW 🔑1091(4)—BILL OF EXCEPTIONS—SUFFICIENCY—ADMISSION OF EVIDENCE.

A bill of exceptions reciting that defendant objected to the question and answer as to what prosecuting witness said about who cut him, for the reason that the statement was not made in defendant's presence and not acquiesced in by him, was too indefinite, where it did not show the circumstances under which the statement was made, so as to show that it was inadmissible as part of the res gestæ.

2. CRIMINAL LAW 🔑1091(3)—BILL OF EXCEPTIONS—SUFFICIENCY.

A bill of exceptions reciting that the state asked defendant upon cross-examination if it was not a fact that he had tended bar in a saloon, to which question and answer defendant objected because it was irrelevant, immaterial, and prejudicial, he not having put his reputation in issue, was not sufficiently specific, where it did not show the absence of circumstances making the testimony legitimate.

3. CRIMINAL LAW 🔑1091(4)—BILL OF EXCEPTIONS—SUFFICIENCY.

General exceptions for irrelevancy and immateriality of testimony should not be sustained, where the testimony is admissible for some purpose.

4. CRIMINAL LAW 🔑1091(3)—BILL OF EXCEPTIONS—SUFFICIENCY.

A bill of exceptions reciting that defendant objected to being asked on cross-examination how many times he had been charged with theft, on the ground that there had been no direct examination with reference thereto, and that the testimony was immaterial, irrelevant, and calculated to prejudice his rights, was not sufficiently specific; the grounds of objection not being verified by the court or stated as facts.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Fred Wheat was convicted of an aggravated assault and battery, and appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of aggravated assault and battery, his punishment being assessed at a fine of $100 and one year imprisonment in the county jail.

[1] Bill of exceptions No. 1 recites that while the witness Meek was testifying in behalf of the state, and after testifying that he was in the store of Mr. Mogab and saw the defendant and another party pass the store, heard some cursing, and afterwards the party, or prosecuting witness, returned and witness asked him who cut him, that defendant objected to the question and answer as to what prosecuting witness said about who cut him, for the reason that said statement was not in the presence of the defendant, unknown to him, and not in any manner acquiesced in by him. The witness answered that they (referring to defendant and the party with him) stuck him with a knife. This bill is very indefinite. The testimony may have been res gestæ and admissible. The bill does not show the circumstances under which it occurred, and why it was not admissible.

[2, 3] Another bill recites that defendant was testifying in his own behalf, and, not having filed a plea for suspension of his sentence, that the state asked the defendant upon cross-examination if it was not a fact that he had tended bar in a saloon in Ft. Worth, to which question and answer the defendant objected because it was irrelevant, immaterial, and prejudicial to the rights of defendant, in that its purpose was, and in fact its effect would be, to prejudice the rights of defendant before the jury, and that it would induce the jury to believe that he was a character who hung around saloons, and thereby reflect upon his character; he not having put his reputation in issue. The witness answered that it was true; he had tended bar in a saloon in Ft. Worth. These exceptions are very general. The facts are not shown so as to explain how this matter came. It may have been entirely legitimate, but the bill fails to show the connecting facts. General exceptions, such as the irrelevancy and immateriality of testimony, might be considered in the light of general demurrers, and being so considered, if the testimony was admissible for any purpose, the objections are not well taken, and should not be sustained if the testimony is admissible for any purpose. This seems to be an unquestioned rule. There could be circumstances and environments of the case that would make this character of testimony entirely legitimate, but the bill fails to show that these matters were or were not in the case. The bill is not sufficiently specific, and therefore does not place the matter in such light that this court can hold it objectionable.

[4] Another bill recites that appellant was, on cross-examination, asked how many times he had been charged with theft. The objection to this was that this had not been brought out on direct examination; was immaterial, irrelevant, and calculated to prejudice his rights before the jury. The witness replied he had been twice charged with the offense of theft. The same may be said of this as of the other matters. The grounds of

objection are not verified by the court as facts, nor are they stated as facts, but simply as grounds of objection, and as stated in reference to the other bill, they are but general demurrers, and if the testimony was admissible for any purpose in the record, the general demurrers will not reach the question. Special exceptions were not presented.

These being the only matters of importance in the case, the judgment will be affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

